**KATHY A. DOCKERY**
**CHAPTER 13 TRUSTEE**
**700 S. FLOWER ST., SUITE 1950**
**LOS ANGELES, CA 90017**
**PHONE: (213) 996-4400**
**FAX: (213) 996-4426**



FILED

DEC 1 0 2009

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:            Deputy Clerk

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

ENTERED

DEC 10 2009

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:            Deputy Clerk

IN RE:

MAGDALENO B TALAMANTES
LUISA MARIA TALAMANTES

DEBTOR(S).

CASE NO.: LA09-33458-EC

CHAPTER 13

**ORDER CONFIRMING CHAPTER 13 PLAN**

DATE:     November 24, 2009
TIME:     1:30 pm
PLACE:    ROYBAL BUILDING
          255 EAST TEMPLE STREET
          Courtroom 1639 - 16th Floor
          LOS ANGELES, CA 90012

LODGED

DEC - 8 2009

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY            Deputy Clerk

The Debtors' modified Chapter 13 plan was filed on September 13, 2009. The modified plan was transmitted to the creditors under Bankruptcy Rule 3015. The first meeting of creditors was held on October 5, 2009. The court finds that the modified plan meets the requirements of 11 U.S.C. §1325.

IT IS ORDERED THAT:

The Debtors' modified plan is interlineated and confirmed with the following provisions:

I.    TERMS OF CONFIRMED PLAN

    A.    Current Plan Payment:   See the attached Plan Payment Register for the monthly plan payment amount and the due dates for each payment during the plan term;

    B.    Due Date of Each Payment: 1st;

    C.    Plan Term: 60 months;

    D.    Base Plan Amount: $45,061.00;

        1.    The Debtors are required to pay the full Base Plan Amount prior to discharge of the case. Any tax refunds submitted to the trustee will not reduce the Base Plan Amount.

2.     If the Debtors have elected to pay the plan payment via electronic transmission and have possession and control of a bank account, the plan payment shall be electronically deducted from said account.  Unless otherwise ordered by the court, any plan payments deducted from a bank account shall be property of the bankruptcy estate upon electronic transmission of the plan payment and the plan payment shall not be subject to refund, cancellation and/or transfer to the Debtors, which includes but is not limited to any rights for refund, cancellation and/ or transfer to the Debtors arising under state law.  Should the Trustee incur any additional fees, penalties or expenses due to insufficient funds in the Debtors' bank account, the Trustee is authorized to deduct said fees, penalties or expenses from any future plan payments submitted to the Trustee or from the current balance on hand, if any exists, as a priority administrative expense under 11 U.S.C. Section 507(a)(2)..

3.     The Base Plan Amount may be modified under the following circumstances:

   a)     If the plan provides for payment of all allowed secured claims, priority claims and 100% of the unsecured claims, the plan may be deemed paid in full prior to payment of the entire Base Plan Amount;

   b)     Refinance or sale of property of the estate within the first thirty-six months of the Plan, if the plan provides for payment of all allowed secured claims, priority claims and 100% of the unsecured claims.

   c)     Any income increase.  An income increase includes but is not limited to any earning increases after the plan is confirmed, income evidenced by proof of income provided to the Trustee prior to or after the plan is confirmed, lottery winnings and/or an inheritance;

   d)     Modification of the plan.

4.     The Percentage to the Allowed Unsecured Creditors at the time of confirmation is 11.15%.  This percentage may be modified if the allowed claims filed by the creditors total less than the amount provided for them in the plan and the plan pays less than 100% to allowed unsecured claims. The Trustee shall disburse said amount in payment of allowed unsecured claims up to payment of 100% thereof.  No further notice or hearing is required for the Trustee to adjust the percentage to be paid to allowed

unsecured claims.

5.   If the plan is rendered infeasible due to the occurrence of some event which includes but is not limited to the filing of a creditor's claim, the granting of a supplemental fee application or the granting of a detailed fee application, the Trustee shall extend the plan term to the extent necessary to render the plan feasible but in no event shall such extension exceed sixty months.  If such extension is required, the Trustee shall notify the Debtor and Debtor's attorney, if applicable, of the length of the modified plan term but no further court order will be required.  If the plan remains infeasible even with a plan term extension to sixty months, the Trustee shall notify the Debtor and the Debtor's attorney, if applicable, of the continued infeasibility of the plan.

6.   The Trustee shall not disburse or reserve any property of the estate for any secured creditor(s) whose lien(s) is subject to a motion or adversary proceeding to avoid or extinguish the lien(s).  The Trustee shall commence disbursing property of the estate to all other creditors of the bankruptcy estate who hold allowed claims upon confirmation of the plan and pursuant to the terms of the confirmed plan.

7.   The Trustee's Plan Interlineation Form and the interlineations set forth therein is incorporated herein by reference.

E.     The Debtor(s) shall provide properly executed and conformed copies of all required preconfirmation declarations to the Trustee within three (3) calendar days of the hearing date the plan was confirmed in open court.  These  declarations include but are not limited to the Declaration Setting Forth Postpetition Preconfirmation Deed of Trust Payments; Declaration re: Payment of Domestic Support Obligations;  Declaration re: Tax Returns; and the Declaration Setting Forth Postpetition Preconfirmation Payments on 1. Leases of Personal Property 2. Purchase Money Security Liens in Personal Property of Trust Payments.

## II.   OTHER PROVISIONS:

A.   The court retains jurisdiction to hear the Trustee's motion to compel the Debtors to pay all projected disposable income for the applicable commitment period.

B.   Each year a case is pending after the confirmation of the plan, the Debtors shall provide to the Trustee: (1) a copy of the Debtors' federal income tax return, (2) any request for extension of the deadline for filing the federal income tax return and (3) copies of forms W-2 and/or 1099 to the Chapter 13 Trustee all within 10 days after the federal income tax return is filed with the Internal Revenue Service.

C.   If the Debtors' attorney has not yet submitted to the Trustee an application for fees, no funds will be paid (or set aside for such purpose) until the Trustee receives an entered order approving such fees. Disbursement to other creditors will commence immediately. However, if the Debtors' attorney has filed a Rights and Responsibilities Agreement, the order confirming the plan shall also act as the order approving attorney's fees as disclosed in the Rights and Responsibilities Agreement in the amount of $4,000.00. If a Detailed Fee Application has been approved by the court, the attorney shall be awarded fees as set forth in the Detailed Fee Application and the Chapter 13 plan which are incorporated herein by reference.

D.   The Debtors shall pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities, unless otherwise ordered.

E.   A payroll deduction order may be issued when the Debtors are in delinquent by one plan payment, unless otherwise provided by the plan. No further declaration or order is required.

F.   If the Debtors plan provides for less than a 100% dividend to class five creditors, the Debtors are required to turn over all income tax refunds and economic stimulus payments to the Trustee to the Trustee for the term set forth in the record

G.   If the Debtors are self-employed the Debtors shall provide financial statements, including but not limited to bank statements, profit and loss statements, balance sheet, and a cash flow statement for every six (6) months of the plan term.

H.   Prior to any discharge or dismissal, the Debtors must seek approval of the court to purchase, sell, or refinance real property.

I.   Each year during the pendency of the plan, the Debtors shall file a copy of their federal income

tax return or tax transcript with the Bankruptcy Court within ten days after filing the income tax return with the Internal Revenue Service.

J.   Each year during the pendency of the plan, the Debtors shall provide to the Trustee at least 45 days prior to the anniversary date of the entry of the order confirming the plan, a statement, under penalty of perjury, of the income and expenditures of the Debtors for the tax year of the Debtors most recently concluded and of the monthly income of the Debtors that shows how income, expenditures and monthly income are calculated.

The statement shall disclose:

- the amount and sources of the income of the Debtors;
- the identity of any person responsible with the debtor for the support of any dependent of the Debtors; and
- the identity of any person who contributed, and the amount contributed to the household in which the Debtors resides.

K.   Before the due date of the last plan payment of the plan or any subsequently modified plan, the Debtors shall complete a personal financial management course from a provider approved by the Office of the United States Trustee;

L.   If during the pendency of the plan, the Debtors becomes obligated to pay a domestic support claim, he or she shall provide the following information to the Trustee:

- name, address and telephone number of any domestic support claimant;
- name, address and telephone number of the State child support enforcement agency of such claim.

M.   If during the pendency of the plan, the Debtors becomes involved with any proceeding where the Debtors may be convicted of a felony as set forth under 11 U.S.C. §522(q)(1)(A) or the Debtors are involved with any proceeding where the Debtors may be found liable for a debt of the kind described in 11 U.S.C. §522(q)(1)(B), the Debtors shall immediately notify the Trustee in writing of the nature and status of the proceeding.

Dated: _____ DEC 1 0 2009 _____

Ellen Carroll

_____
United States Bankruptcy Judge

## PLAN PAYMENT REGISTER

| PAYMENT # | DATE | AMOUNT | PAYMENT # | DATE | AMOUNT | PAYMENT # | DATE | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 1 | 10/01/09 | $460.00 | 21 | 6/01/11 | $760.00 | 41 | 2/01/13 | $760.00 |
| 2 | 11/01/09 | $521.00 | 22 | 7/01/11 | $760.00 | 42 | 3/01/13 | $760.00 |
| 3 | 12/01/09 | $760.00 | 23 | 8/01/11 | $760.00 | 43 | 4/01/13 | $760.00 |
| 4 | 1/01/10 | $760.00 | 24 | 9/01/11 | $760.00 | 44 | 5/01/13 | $760.00 |
| 5 | 2/01/10 | $760.00 | 25 | 10/01/11 | $760.00 | 45 | 6/01/13 | $760.00 |
| 6 | 3/01/10 | $760.00 | 26 | 11/01/11 | $760.00 | 46 | 7/01/13 | $760.00 |
| 7 | 4/01/10 | $760.00 | 27 | 12/01/11 | $760.00 | 47 | 8/01/13 | $760.00 |
| 8 | 5/01/10 | $760.00 | 28 | 1/01/12 | $760.00 | 48 | 9/01/13 | $760.00 |
| 9 | 6/01/10 | $760.00 | 29 | 2/01/12 | $760.00 | 49 | 10/01/13 | $760.00 |
| 10 | 7/01/10 | $760.00 | 30 | 3/01/12 | $760.00 | 50 | 11/01/13 | $760.00 |
| 11 | 8/01/10 | $760.00 | 31 | 4/01/12 | $760.00 | 51 | 12/01/13 | $760.00 |
| 12 | 9/01/10 | $760.00 | 32 | 5/01/12 | $760.00 | 52 | 1/01/14 | $760.00 |
| 13 | 10/01/10 | $760.00 | 33 | 6/01/12 | $760.00 | 53 | 2/01/14 | $760.00 |
| 14 | 11/01/10 | $760.00 | 34 | 7/01/12 | $760.00 | 54 | 3/01/14 | $760.00 |
| 15 | 12/01/10 | $760.00 | 35 | 8/01/12 | $760.00 | 55 | 4/01/14 | $760.00 |
| 16 | 1/01/11 | $760.00 | 36 | 9/01/12 | $760.00 | 56 | 5/01/14 | $760.00 |
| 17 | 2/01/11 | $760.00 | 37 | 10/01/12 | $760.00 | 57 | 6/01/14 | $760.00 |
| 18 | 3/01/11 | $760.00 | 38 | 11/01/12 | $760.00 | 58 | 7/01/14 | $760.00 |
| 19 | 4/01/11 | $760.00 | 39 | 12/01/12 | $760.00 | 59 | 8/01/14 | $760.00 |
| 20 | 5/01/11 | $760.00 | 40 | 1/01/13 | $760.00 | 60 | 9/01/14 | $760.00 |

## PROOF OF SERVICE BY U.S. MAIL

I, Julie Wong, declare as follows:

I am employed in the County of Los Angeles, State of California. My business address is 700 S. Flower Street, Suite 1950, Los Angeles, California 90017. I am over the age of eighteen and not a party to this case. On 12/7/09, I served the "**ORDER CONFIRMING CHAPTER 13 PLAN**" by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at Los Angeles, California addressed as follows:

[See Service list]

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and executed at Los Angeles, California.

DATED: 12/7/09

*Julie Wong*

_____
Julie Wong

## Service List

L BISHOP AUSTIN & ASSOCIATES
3250 WILSHIRE BLVD
SUITE 1500
LOS ANGELES, CA 90010

MAGDALENO B TALAMANTES
LUISA MARIA TALAMANTES
24736 BOMBAY AVE
WILMINGTON, CA 90744

KATHY A. DOCKERY
STANDING CHAPTER 13 TRUSTEE
700 S. FLOWER ST., SUITE 1950
LOS ANGELES, CA 90017
PHONE: (213) 996-4400

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

In Re:

MAGDALENO B TALAMANTES
LUISA MARIA TALAMANTES

Movants(s)/Plaintiff(s)
vs.

Respondent(s)/Defendant(s)

CHAPTER 13 CASE NUMBER
LA09-33458-EC

[ ] REFERENCE NUMBER
[ ] ADVERSARY NUMBER

## NOTICE OF ENTRY OF JUDGEMENT OR ORDER
## AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:

1. You are hereby notified pursuant to Local Bankruptcy Rule 116 (1) (a) (iv), that a judgment or order entitled:

### ORDER CONFIRMING CHAPTER 13 PLAN
### was entered on:

**DEC 1 0 2009**

2. I hereby certify that I mailed a copy of this notice and true copy of the order or judgment to the persons and entities listed below:

## Service List

L BISHOP AUSTIN & ASSOCIATES
3250 WILSHIRE BLVD
SUITE 1500
LOS ANGELES, CA 90010

MAGDALENO B TALAMANTES
LUISA MARIA TALAMANTES
24736 BOMBAY AVE
WILMINGTON, CA 90744

KATHY A. DOCKERY
CHAPTER 13 TRUSTEE
700 S. FLOWER STREET, SUITE 1950
LOS ANGELES, CA 90017

Jon D. Ceretto
Clerk of the Bankruptcy Court

By: _____
                 Deputy Clerk